I2CsRIZp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                        17 CR 533 (VEC)

MICHAEL RIZZI,

          Defendant.

------------------------------x

                              New York, N.Y.
                              February 12, 2018
                              4:00 p.m.


Before:

                  HON. VALERIE E. CAPRONI,

                             District Judge

                     APPEARANCES

GEOFFREY S. BERMAN
      Interim United States Attorney for the
      Southern District of New York
NICHOLAS W. CHIUCHIOLO
      Assistant United States Attorney

JAVIER A. SOLANO
      Attorney for Defendant

1          (Case called)

2          MR. CHIUCHIOLO:  Good afternoon, your Honor.  Nick

3  Chiuchiolo for the United States.

4          MR. SOLANO:  Good afternoon, your Honor.  On behalf of

5  Mr. Rizzi, Javier Solano.

6          THE COURT:  Good afternoon.  Good afternoon,

7  Mr. Rizzi.

8          THE DEFENDANT:  Good afternoon.

9          THE COURT:  Please be seated.

10          Mr. Solano, am I correct that your client is prepared

11  to enter a guilty plea to Count One?

12          MR. SOLANO:  Yes, ma'am.

13          THE COURT:  Mr. Rizzi, your attorney has told me you

14  wish to plead guilty?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Before that can happen, I must ask you

17  some questions to make sure you're pleading guilty because you

18  are guilty and not for any other reason, and that you fully

19  understand the rights that you are giving up and the

20  consequences of your plea.

21          Mr. Brantley, could you please swear in Mr. Rizzi.

22          (Defendant sworn)

23          THE COURT:  Mr. Rizzi, you're now under oath.  What

24  that means is that if you answer any of my questions falsely,

25  the government can use your answers against you in a

I2CsRIZp

1  prosecution for perjury or for making a false statement.  Do

2  you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  How old are you?

5          THE DEFENDANT:  46.

6          THE COURT:  How far did you go in school?

7          THE DEFENDANT:  Graduated high school.

8          THE COURT:  Are you able to read and understand

9  English?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Are you now or have you recently been

12  under the care of a doctor or a psychiatrist?

13          THE DEFENDANT:  I have been under the care of a

14  psychiatrist for ADD.

15          THE COURT:  Anything else?

16          THE DEFENDANT:  No.  I'm good.

17          THE COURT:  Have you ever been treated or hospitalized

18  for any mental illness or any type of addiction, including drug

19  or alcohol addiction?

20          THE DEFENDANT:  No.

21          THE COURT:  In the past 24 hours, have you taken any

22  drugs, medicines or pills, have you consumed any alcohol?

23          THE DEFENDANT:  Just high blood pressure pill, that's

24  it.

25          THE COURT:  Does that affect your perception?

1          THE DEFENDANT:  No.

2          THE COURT:  Is your mind clear today?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Your attorney has told me that you wish to

5     plead guilty; is that correct?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Have you had an opportunity to discuss

8     this case with your attorney, including the consequences of

9     pleading guilty?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Are you satisfied with Mr. Solano and his

12    representation of you?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Does either attorney have any question

15    about the defendant's competence to enter a guilty plea at this

16    time?

17          MR. CHIUCHIOLO:  Not from the government, your Honor.

18          MR. SOLANO:  No, your Honor.

19          THE COURT:  On the basis of the defendant's responses

20    to my questions and my observations of his demeanor, I find

21    that he is fully competent to enter an informed guilty plea at

22    this time.

23          Mr. Rizzi, before I can accept your guilty plea, I am

24    going to describe the rights that you have that you will be

25    giving up if you plead guilty.  Please listen carefully.  If

1    you don't understand any of my questions or if you just want a

2    moment to speak to your attorney, tell me that, and I'll stop

3    and give you an opportunity to consult.  OK?

4              THE DEFENDANT:  OK.

5              THE COURT:  Your attorney has said that you wish to

6    plead guilty.  You have the right to plead not guilty and to

7    persist in that plea.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  You have the right to be represented by an

10   attorney at trial and at every other stage of the proceedings.

11   If you can't afford an attorney, an attorney will be appointed

12   to represent you without cost to you.  Do you understand that?

13             THE DEFENDANT:  I do.

14             THE COURT:  You have the right to a speedy and public

15   trial by a jury on the charges against you which are contained

16   in the indictment.  Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  If you went to trial, you would be

19   presumed innocent, and the government would be required to

20   prove that you were guilty beyond a reasonable doubt.  You

21   would not have to prove that you were innocent at trial.  Do

22   you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  If you went to trial, you would have the

25   right to see and hear all of the witnesses, and your attorney

1  could cross-examine the witnesses that the government calls.

2  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  If you went to trial, your attorney could

5  object to the government's evidence.  You would also have the

6  right to present evidence and the right to compel witnesses to

7  come to court to testify in your behalf.  Do you understand

8  that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  If you went to trial, you would have the

11  right to testify if you wanted to, but you could not be forced

12  to testify if you did not want to.  If you chose not to

13  testify, I would tell the jury that they could not hold that

14  against you.  Do you understand that?

15          THE DEFENDANT:  I do.

16          THE COURT:  If there were a trial, the jury would be

17  composed of 12 people and all 12 would have to agree that the

18  government has proven you guilty beyond a reasonable doubt

19  before you could be found guilty.  Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  If you were convicted at trial, you would

22  have a right to appeal the verdict.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  If you plead guilty and I accept your

25  plea, you will be giving up all of the rights that I have just

1  described, except your right to counsel, and you will be found

2  guilty just based on your plea of guilty.  Do you understand

3  that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Do you understand that you can change your

6  mind for any reason, including right now, and tell me that you

7  want to proceed to trial?

8            THE DEFENDANT:  I understand that.

9            THE COURT:  Have you received a copy of the indictment

10  in this case, which is 17 CR 533?

11            THE DEFENDANT:  Yes, I have.

12            THE COURT:  Have you read the indictment?

13            THE DEFENDANT:  I did.

14            THE COURT:  Did you discuss it with your attorney?

15            THE DEFENDANT:  I did.

16            THE COURT:  Count One charges you with conspiracy to

17  commit bank fraud.  Mr. Chiuchiolo, what are the elements of

18  this offense?

19            MR. CHIUCHIOLO:  Your Honor, the first element of the

20  conspiracy to commit bank fraud, that two or more persons in

21  some way or manner agreed to try to accomplish a common

22  unlawful plan to commit a fraud crime here, which is bank

23  fraud; and two, that the defendant knew the unlawful purpose of

24  the plan and willfully joined it.

25            The object of the conspiracy here is bank fraud.  The

1    elements of bank fraud are:  One, that the defendant knowingly

2    executed a scheme to obtain money, funds or other property

3    owned by or under the control of a financial institution by

4    means of material false or fraudulent pretenses,

5    representations, or promises; two, that the defendant had the

6    intent to defraud; and three, that the bank was insured by the

7    FDIC.

8            The government would also have to prove by a

9    preponderance of the evidence that venue is proper here in the

10   Southern District of New York.

11           THE COURT:  Mr. Rizzi, if you do not plead guilty, the

12   government would have to prove each and every element that the

13   prosecutor just laid out beyond a reasonable doubt at trial.

14   Do you understand that?

15           THE DEFENDANT:  I do.

16           THE COURT:  The maximum possible penalty for

17   conspiracy to commit bank fraud is a term of imprisonment of up

18   to 30 years, a term of supervised release of up to five years,

19   a fine of $1 million or two times the pecuniary gain from the

20   crime or two times the pecuniary loss from the crime, whichever

21   one of those numbers is wants largest, and a mandatory $100

22   special assessment.  Do you understand that?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Supervised release means that you'll be

25   subject to monitoring and supervision after you are released

1    from prison.  Do you understand that?

2              THE DEFENDANT:  I do.

3              THE COURT:  There are terms and conditions of

4    supervised release that you have to comply with.  If you don't

5    comply with the terms and conditions, you can be returned to

6    prison without a jury trial.  Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  If you violate the terms and conditions of

9    supervised release and you're sent back to prison, that new

10   prison term can be for all or part of the term of supervised

11   release and you will not necessarily get credit for time that

12   you've already served on supervised release.  Do you understand

13   that?

14             THE DEFENDANT:  I do.

15             THE COURT:  As part of your sentence, I can order you

16   to pay restitution to any person injured as a result of your

17   criminal conduct.  Do you understand that?

18             THE DEFENDANT:  I do.

19             THE COURT:  If fact, I understand that it is part of

20   your plea agreement with the government that you have agreed to

21   pay $28,000 in restitution to the bank, is that correct?

22             THE DEFENDANT:  Yes.

23             THE COURT:  If I accept your guilty plea and I

24   adjudge you guilty, that adjudication may be deprive you of

25   valuable civil rights, such as the right to vote, the right to

1   hold public office, the right to serve on a jury, the right to

2   possess any type of a firearm and the right to hold certain

3   professional licenses.  Do you understand that?

4              THE DEFENDANT:  I do.

5              THE COURT:  Mr. Rizzi, where were you born?

6              THE DEFENDANT:  Brooklyn, New York.

7              THE COURT:  That makes you an American citizen, so

8   you're not subject to deportation.  There are sentencing

9   guidelines that I have to consider in determining the

10  appropriate sentence in your case.  Do you understand that?

11             THE DEFENDANT:  I do.

12             THE COURT:  Have you talked to your attorney about how

13  the guidelines will apply to your case?

14             THE DEFENDANT:  I did.

15             THE COURT:  I'll have to calculate the guideline range

16  and consider that range in determining what your sentence will

17  be.  Do you understand that?

18             THE DEFENDANT:  I do.

19             THE COURT:  In addition to determining what the

20  guideline range is, I'll also have to consider the sentencing

21  factors that are set forth in federal law.  Federal law

22  requires me to consider a number of other factors about you and

23  about the offense in determining the appropriate sentence in

24  your case.  Do you understand that?

25             THE DEFENDANT:  Yes.

I2CsRIZp

1    THE COURT:  So even after I determine what the

2    guideline range is in your case, these other factors could lead

3    me to a sentence that is either above or below the guideline

4    range.  Do you understand that?

5    THE DEFENDANT:  I do.

6    THE COURT:  If your attorney or anyone else has

7    attempted to estimate or predict what your sentence will be,

8    their estimate or prediction could be wrong.  Do you understand

9    that?

10    THE DEFENDANT:  I do.

11    THE COURT:  It is perfectly appropriate for you and

12    your attorney to talk about how your sentence will be

13    determined, but nobody can give you any assurance about what

14    your sentence will actually be.  It is my job to determine your

15    sentence, and I can't do that until I've done the other things

16    that I just described.  Do you understand that?

17    THE DEFENDANT:  I do.

18    THE COURT:  So nobody, not even I, can today predict

19    what your sentence will be.  Do you understand that?

20    THE DEFENDANT:  Yes.

21    THE COURT:  Mr. Rizzi, I am stressing this at some

22    length because it is important for you to understand that if

23    your sentence is different from what anyone has estimated or

24    predicted it will be or what you hope it will be, that will not

25    be a basis for you to withdraw your guilty plea.  Do you

1  understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  If you're sentenced to prison, there is no

4  parole and therefore you cannot be released early on parole.

5  Do you understand that?

6           THE DEFENDANT:  Yes.

7           THE COURT:  I've been given a copy of the plea

8  agreement which we've marked as Court Exhibit 1.  Did you sign

9  the plea agreement?

10          THE DEFENDANT:  Yes, I did.

11          THE COURT:  Did you read the agreement before you

12  signed it?

13          THE DEFENDANT:  Yes, I did.

14          THE COURT:  Did you discuss it with your attorney

15  before you signed it?

16          THE DEFENDANT:  Yes, I did.

17          THE COURT:  Are there any agreements, promises, or

18  understandings with the government that are not contained in

19  the plea agreement?

20          THE DEFENDANT:  No.

21          THE COURT:  Has anyone threatened you or forced you to

22  plead guilty?

23          THE DEFENDANT:  No.

24          THE COURT:  Other than what is in the plea agreement,

25  has anyone offered you any inducement or promised you anything

1    in order to get you to plead guilty?

2               THE DEFENDANT:  No.

3               THE COURT:  Has anyone made a promise to you of what

4    your sentence will be?

5               THE DEFENDANT:  No.

6               THE COURT:  One of the provisions of the plea

7    agreement is what's called a waiver of the statute of

8    limitations.  What that means is that if for some reason at

9    some point in the future your plea is withdrawn or your

10   conviction is vacated, the government would be able to charge

11   you at that point in time with any crime they could charge you

12   with today.  Do you understand that?

13              THE DEFENDANT:  Yes.

14              THE COURT:  You're agreeing you will not argue that

15   the statute of limitations has run; do you understand that?

16              THE DEFENDANT:  I understand.

17              THE COURT:  The plea agreement also contains an

18   agreement or a stipulation between you and the government

19   regarding the sentencing guidelines calculation that the

20   attorneys in this case believes applies to you.  That agreement

21   is between you and the government and it is binding on you and

22   it is binding on the government, but it is not binding on me.

23   Do you understand that?

24              THE DEFENDANT:  I do.

25              THE COURT:  Regardless of what you and the government

1   have agreed to in the plea agreement, I am going to make my own

2   sentencing guidelines calculation.  99 percent of the time it

3   is the same as what the attorneys come up with, but it is a not

4   always.  Do you understand that?

5           THE DEFENDANT:  I do.

6           THE COURT:  Another provision in the plea agreement is

7   that you are waiving your right to appeal your sentence or to

8   collaterally attack your sentence so long as I sentence you

9   within or below the guideline range as determined by the

10  prosecutor and your attorney.  So in this case, that means so

11  long as your sentence is 14 months or less and your fine is

12  $1 million or less, you're agreeing not to appeal and not to

13  collaterally attack your sentence.  Do you agree?

14          THE DEFENDANT:  I agree.

15          THE COURT:  Mr. Rizzi, in order to accept your guilty

16  plea, I have to be convinced that you are actually guilty of

17  this crime.  Can you tell me in your own words what you did

18  that makes you guilty?  If you're going to read something,

19  please read very slowly.

20          THE DEFENDANT:  OK.  Between the dates alleged in the

21  indictment, I had asked my friend, Edward Monahan, to help me

22  get out of a mortgage that I was behind on.  I asked Edward

23  Monahan to purchase my home by way of short sale, which was

24  offered to me from the bank.  As part of that sale, I submitted

25  misleading documents to the bank which indicated that the short

1  sale was an arm's length transaction, when, in fact, it was not

2  because Edward Monahan and I were lifelong friends.

3          THE COURT:  OK.  Where was the house?

4          THE DEFENDANT:  On Staten Island.

5          THE COURT:  Where is the bank?

6          THE DEFENDANT:  The bank, I don't know where they are.

7  I think -- I'm not sure where they are.  It is Wells Fargo.

8  I'm not sure.

9          THE COURT:  What is the basis for venue?

10          MR. CHIUCHIOLO:  Your Honor, I can proffer that the

11  buyer, Mr. Monahan, used a Manhattan-based mortgage broker

12  called the Remus Group, and documents were transmitted to the

13  organization which is located in Manhattan.  The Remus Group.

14          THE COURT:  I'll take judicial notice that Wells Fargo

15  is insured by the FDIC.

16          Mr. Rizzi, when you did these things, did you know

17  that what you were doing was wrong and against the law?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Did anyone threaten or coerce or force you

20  to do these things?

21          THE DEFENDANT:  No.

22          THE COURT:  All right.  Does either attorney want me

23  to make further inquiry?

24          MR. CHIUCHIOLO:  No, your Honor.

25          MR. SOLANO:  No, your Honor.

I2CsRIZp

1    THE COURT:  Mr. Solano, do you know of any valid

2    defense that would prevail at trial or any reason why your

3    client should not be permitted to plead guilty?

4    MR. SOLANO:  No, ma'am.

5    THE COURT:  Do you believe there is an adequate

6    factual basis to support the plea?

7    MR. SOLANO:  I do.

8    THE COURT:  Mr. Chiuchiolo, do you believe there is an

9    adequate factual basis to support the plea?

10    MR. CHIUCHIOLO:  Yes, your Honor.

11    THE COURT:  Mr. Rizzi, how do you plead to Count One;

12    guilty or not guilty?

13    THE DEFENDANT:  Guilty.

14    THE COURT:  Are you pleading guilty voluntarily and of

15    your own free will?

16    THE DEFENDANT:  Yes.

17    THE COURT:  I find that there is an adequate factual

18    basis for the plea, that Mr. Rizzi understands the rights he is

19    giving up, and is waiving those rights knowingly and

20    voluntarily.  I find that Mr. Rizzi understands the

21    consequences of his plea, including the potential sentence that

22    may be imposed.  Because I find the defendant's plea is entered

23    knowingly and voluntarily and is supported by an independent

24    factual basis for each and every element of the crime charged,

25    I accept his guilty plea.  I direct that a presentence

1    investigation be conducted by the probation office and that a

2    presentence report be prepared.

3            Mr. Rizzi, you'll be interviewed as part of the

4    presentence investigation process by a probation officer.  You

5    can and you should have your attorney with you for that

6    interview.  If you say anything to the probation officer, it is

7    important that what you tell them is complete and truthful.

8    The report that they prepare is very important to me in

9    determining what the appropriate sentence in your case should

10   be.  It is important that I have accurate and complete

11   information.

12           Mr. Solano, if you could please schedule his interview

13   within two weeks of today.

14           Mr. Prosecutor, if you could please provide the

15   government's case to probation within two weeks from today.

16           MR. SOLANO:  Yes, your Honor.

17           THE COURT:  Mr. Rizzi, both you and your attorney will

18   be have the right to speak on your behalf before sentencing.

19   You'll also see a draft report of the presentence report before

20   it is finalized.  Read the draft carefully.  If there is

21   anything in it that is not right, tell Mr. Solano so he can get

22   it corrected before it comes to me.

23           Do we have a sentencing date?

24           THE DEPUTY CLERK:  Yes, your Honor.  May 15 at

25   2:00 p.m.

I2CsRIZp

1          THE COURT:  May 15 at 2:00 p.m.

2          Anything further from the government?

3          MR. CHIUCHIOLO:  No, your Honor.

4          THE COURT:  Anything further from the defense?

5          MR. SOLANO:  No, your Honor.

6          THE COURT:  Thank you, all.

7          (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25