```
Case 1:17-cr-00533-VEC   Document 68   Filed 10/17/22   Page 1 of 3
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

        -against-

MICHAEL RIZZI,

        Defendant.
-------------------------------------------------------------- X

17-CR-533 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on July 24, 2018, the Undersigned sentenced Mr. Rizzi to fourteen months imprisonment and five years of supervised release for conspiracy to commit bank fraud, Dkt. 48;

    WHEREAS at the time of sentencing, the Court stated that it would "consider terminating the period of supervised release early, though not earlier than three years if the [D]efendant has no violations and the fine and restitution are fully paid before that point," Transcript of July 24, 2018, Hearing at 32, Dkt. 55;

    WHEREAS on September 26, 2022, Mr. Rizzi, proceeding *pro se*, moved for early termination of his supervised release, Mot. Dkt. 64, on the grounds that he had met the conditions to be considered for early termination that the Court outlined at the time of sentencing, and noting that he has been diagnosed with and is being treated for cancer, *see id.* at 2;

    WHEREAS on October 14, 2022, the Government responded to Mr. Rizzi's motion and stated that it did not oppose his request for early termination of his supervised release. Gov. Resp., Dkt. 67 at 1. The Government further confirmed that Mr. Rizzi has paid the Court-ordered fine and restitution, generally been compliant throughout the term of his supervised release, and suffered from the health conditions outlined in his motion for early termination, *id.* at 1–2;

WHEREAS this Court has broad discretion when deciding a motion to terminate a term of supervised release but must determine whether "such action is warranted by the conduct of the defendant released and the interest of justice," and consider the section 3353(a) sentencing factors, 18 U.S.C. §§ 3583(c), (e)(1); *see also United States v. Weiss*, No. 21-CR-457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (citing *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010).

WHEREAS the Guide to Judiciary Policy places a presumption in favor of granting motions to terminate a term of supervised release brought by individuals who have completed at least eighteen months of supervised release and (1) are not a career criminal and have not committed sex offenses or acts of terrorism, (2) do not present a risk of harm to the public or to any victims, (3) are without court-reported violations for at least one year, and (4) have demonstrated they can act in accordance with the law beyond the term of supervision, including by engaging in prosocial activities and receiving prosocial support, 8 Jud. Conf. of the U.S., Guide to Judiciary Pol'y § 360.20(c) (2022), https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20.

IT IS HEREBY ORDERED that Mr. Rizzi's motion for early termination of his supervised release is GRANTED.  The Court finds that termination is warranted because Mr. Rizzi has substantially complied with the conditions of his supervision over the more than three and a half years of his supervised release and has adequately demonstrated that he will be able to continue act lawfully beyond the term of his supervision.  While the Government notes instances in which Mr. Rizzi's probation officer had difficulty reaching him, the Court agrees that Mr. Rizzi appears to have been largely in compliance with the conditions of his supervision.  Gov. Resp. at 1–2.  The Court further finds that there is a presumption in favor of granting Mr. Rizzi's

request for early termination of his term of supervised release, as Mr. Rizzi meets all the criteria outlined by section 360.20(c) of the Guide to Judiciary Policy.

Mr. Rizzi has fully completed his sentence of fourteen months incarceration, and he has completed more than 60% of his term of supervision. Gov. Resp. at 1. Accordingly, while granting Mr. Rizzi's motion will reduce his term of supervision by approximately 40%, the section 3553 factors do not counsel against granting the requested relief. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a).

Based on these findings, the Court hereby grants Mr. Rizzi's motion for an early termination of supervised release, effective immediately. The Clerk of Court is respectfully directed to close the open motion at docket entry 64.

The Probation Office is ordered to notify Mr. Rizzi of the Court's Order by **October 21, 2022**.

**SO ORDERED.**

Date:  October 17, 2022                                    **VALERIE CAPRONI**
       New York, New York                                  **United States District Judge**